UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY F. BROWN     CIVIL ACTION

VERSUS     NO. 17-10691

ON-SITE FUEL SERVICE, INC.     SECTION "R" (5)

# ORDER AND REASONS

Before the Court is defendant's motion to dismiss plaintiff's complaint.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of allegations of employment discrimination on the basis of race and age.[2] Plaintiff Anthony Brown is African-American.[3] On January 16, 2017, plaintiff began working for Defendant On-Site Fuel Service, Inc. as a Route Manager.[4] Defendant's Operations Manager, Scott Thompson, instructed plaintiff to report to training in Houston, Texas on January 16, 2017.[5] Thompson allegedly told plaintiff that the training would

---

[1]     R. Doc. 4.
[2]     R. Doc. 1.
[3]     *Id.* at 1 ¶ 3.
[4]     *Id.*
[5]     *Id.* at 1 ¶¶ 3-4.

last one to two weeks.[6] Plaintiff asserts that he completed one full week of training, but did not receive his schedule for the second week.[7] According to the complaint, plaintiff made several inquiries regarding his schedule and pay, but did not receive a response.[8] On January 30, 2017, Thompson allegedly called plaintiff.[9] The complaint does not specify what Thompson said on this call. On October 16, 2017, plaintiff filed a *pro se* complaint alleging that he was subjected to discrimination because of his race and age.[10]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw

---

6     *Id.* at 2 ¶ 5.
7     *Id.* at 2 ¶¶ 5-6.
8     *Id.* at 2 ¶¶ 6-7.
9     *Id.* sat 2.
10    *Id.* at 1 ¶ 3.

all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**III. DISCUSSION**

Plaintiff asserts claims of age and race discrimination in employment.[11] The Court liberally construes plaintiff's *pro se* complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, "regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or

---

[11] R. Doc. 1.

3

legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books a Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citation and quotation marks omitted).

Racial discrimination in employment is prohibited by 42 U.S.C. § 1981 and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Race discrimination claims under both statutes are subject to the same substantive legal standards and differ only in their statutes of limitations and administrative exhaustion requirements. *See Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 992 (5th Cir. 2005); *see also Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014); *Mendoza v. Helicopter*, 548 F. App'x 127, 128 (5th Cir. 2013).

A complaint need not allege facts establishing each element of a *prima facie* case of employment discrimination to survive a motion to dismiss. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002). But the complaint must allege sufficient facts to indicate that "defendant took the adverse employment action against a plaintiff *because of* [his] protected status." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (internal citation and quotation marks omitted). Here, the complaint does not state that plaintiff was fired or suffered any other adverse employment action. Further, plaintiff

alleges no facts to suggest that any adverse employment act was taken because of his race.

Age discrimination in employment is prohibited by the Age Discrimination in Employment Act (ADEA). The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA applies only to individuals who are at least 40 years old. *See* 29 U.S.C. § 631; *see also Gen. Dynamics Land Sys., Inc. v. Cline*, 540 U.S. 581, 591 (2004). Plaintiff's complaint fails to allege that he is older than 40 or that he suffered an adverse employment action. Nor does the complaint indicate that an adverse action was taken *because of* plaintiff's age.

Because plaintiff fails to state a plausible claim of race or age discrimination, his complaint must be dismissed. Plaintiff's opposition to the motion to dismiss includes no legal arguments, and instead presents new factual allegations.[12] For instance, plaintiff's opposition asserts that Thompson stated "that he wants Thoroughbreds on his team, not any 40 and 50 year old. Thompson made it clear that he want[s] younger Managers on

---

12   R. Doc. 5.

his team."[13] The Court liberally construes plaintiff's opposition as a request to amend his complaint. *See Riley v. Sch. Bd. Union Par.*, 379 F. App'x 335, 341 (5th Cir. 2010); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008); *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992).

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

Here, plaintiff has not previously amended his complaint, and the Court finds no evidence of undue delay, bad faith, or dilatory motive. Nor is

---

13     *Id.* at 1.

it clear that amendment would be futile. The Court therefore grants leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE. Plaintiff has 21 days to amend his complaint. Failure to timely amend will result in dismissal of the complaint with prejudice.

New Orleans, Louisiana, this __22nd__ day of January, 2018.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE